IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WHITNEY BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00198-CG-C |
| | ) | |
| THOMAS C. SWEARINGEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's supplementary motion for summary judgment (Doc. 53). After review of the pleadings and in light of defendant's failure to respond, the court finds that plaintiff's motion is due to be granted.

## BACKGROUND

This case arises out of a Commercial Mortgage Note ("Note") in the amount of $149,668.50, executed by Thomas C. Swearingen in favor of Whitney Bank on February 19, 2012. (Doc. 13-2). The Note was secured by a Deed of Trust granting Whitney Bank a security interest in Lots 1, 2 and 4 of Mr. Swearingen's property in Sevier County, Tennessee. (Doc. 13-3, Doc. 13-5, ¶ 8). On March 14, 2012, Whitney Bank conducted a foreclosure sale on the subject real property. (Doc. 13-5, ¶¶ 8-10). Upon motion by Whitney Bank for summary judgment (Doc. 13), the court found that the foreclosure was properly conducted according to the laws of Tennessee and did not violate Mr. Swearingen's Constitutional Due Process rights. (Doc. 50).

However, this court found that their remained a question of fact regarding the precise balance owed under the Note in question.

Subsequently, Whitney Bank filed the current supplemental motion for summary judgment which sets forth accounting of the amounts owed under the Note with supporting affidavits.  The supplemental motion asserts that the balance owed through October 31, 2012, including atttorney's fees incurred in attempting to recover the debt, is $105,752.91. (Doc. 53).

Defendant was ordered to respond to plaintiff's supplemental motion for summary judgment on or before November 19, 2012. (Doc. 54).  To date the court has received no response from defendant.

## DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof

at trial." <u>Howard v. BP Oil Company</u>, 32 F.3d 520, 524 (11th Cir. 1994) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." <u>See</u> <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

## B. Discussion

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" <u>Resolution Trust Corp. v. Dunmar Corp.</u>, 43 F.3d 587, 592 (11th Cir. 1995), <u>cert. denied sub nom.</u>, <u>Jones v. Resolution Trust Corp.</u>, 516 U.S. 817 (1995) (citing <u>Ryan v. Int'l Union of Operating Eng'rs., Local 675</u>, 794 F.2d 641, 643 (11th Cir. 1986)).  Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to

3

formulate arguments; grounds alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted). There being no opposition to plaintiff's motion, the court, after review of the pleadings, finds the motion is due to be granted.

## CONCLUSION

For the reasons stated above, plaintiff's supplementary motion for summary judgment (Doc. 53), is **GRANTED** and the court finds that the balance owed by Mr. Swearingen under the Note in question through October 31, 2012, including attorney's fees incurred in attempting to recover the debt, is **$105,752.91.**

The court notes that Mr. Swearingen's counterclaim (Doc. 43) remains pending. The parties are reminded that under the Scheduling Order entered in this case (Doc. 34), discovery and the time allowed for dispositive motions are currently set to expire on November 30, 2012. Final judgment will be entered once all claims are resolved.

**DONE and ORDERED** this 28th day of November, 2012.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

4