IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| WHITNEY BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 12-198-CG-C |
| | ) | |
| THOMAS SWEARINGEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of plaintiff, Whitney Bank, for summary judgment on defendant's counter-claims (Doc. 56), defendant's opposition thereto (Doc. 62) and plaintiff's reply (Doc. 63). For reasons explained below, the court finds that plaintiff's motion is due to be granted.

BACKGROUND

This case arises out of a Commercial Mortgage Note executed by defendant, Thomas C. Swearingen, in favor of Whitney Bank. After defendant defaulted on the Note, plaintiff foreclosed on the property that secured the note and filed suit against defendant for the deficiency balance. Defendant filed counter-claims asserting that the foreclosure was improper and that Whitney Bank acted fraudulently and in bad faith. (Doc. 43). Summary judgment was entered in favor of Whitney Bank on all of its claims. (Docs. 50 & 55). The current motion seeks summary judgment on defendant's counter-claims.

1

**A. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252.  The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle

2

Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita

3

Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Defendant's Claims**

The court notes that defendant is proceeding pro se and although his counter-claims are organized into seven numbered paragraphs, they are not easily separated into clear concise claims. Generally, the counter-claims object to the foreclosure proceeding and contend that Whitney Bank intentionally defrauded the defendant and acted in bad faith. Whitney Bank moves for summary judgment denying these claims and points to the court's prior ruling that the foreclosure was properly conducted; that the foreclosure price was proper; that defendant's Constitutional due process rights were not violated; and that defendant owes Whitney Bank the deficiency balance. Whitney Bank reasons that the court's prior ruling negates all of defendant's claims.[1]

Defendant's response to the motion for summary judgment (Doc. 62) focuses on his assertion that Whitney Bank's actions constitute an abuse of process. Defendant claims that Whitney Bank used the foreclosure procedures to gain unjust enrichment and to profit beyond repayment of the initial loan. Defendant asserts that, after foreclosure, Whitney Bank immediately listed the collateral properties for sale at prices roughly 40% higher than what it paid for them and that the bank

---

[1] In the summary judgment order, this court specifically found "that the foreclosure was properly conducted according to the laws of Tennessee and did not violate Mr. Swearingen's Constitutional Due Process rights." (Doc. 50, pp. 14-15). The court also stated that Mr. Swearingen had failed to show that the purchase price of $84,000 was inadequate or improper. (Doc. 50, p. 12).

4

has already sold some of the property. Defendant contends that "if" the sale price is greater than Whitney Bank's claimed appraised value, then the sale is "indisputable prima facie evidence of an ulterior motive for unjust enrichment and additional profit." (Doc. 62, p. 2).  Defendant does not address the validity of any other claims asserted in his counter-claim document.

Although Mr. Swearingen points to no evidence in the record to support his position, in its reply, Whitney Bank admits that it sold, for the sum of $30,500, one of the three lots it acquired at the subject foreclosure.  If Whitney Bank were able to obtain that same price for the other two lots, the total sale price would be $91,500, which is $7,500 more than it paid at the foreclosure.  Defendant would contend that Whitney Bank was therefore unjustly enriched by $7,500.  However, that conclusion does not take into consideration the expense of marketing the property and closing on the sale of the property.  In fact, Whitney Bank states that at the closing it received $27,614.94, which is less than the theoretical $28,000 (1/3 of $84,000), it paid for the property at closing.  Further, there is no guarantee that Whitney Bank will be able to sell the other two properties for the same price.

Even if Whitney Bank were to obtain a small profit, that does not demonstrate an abuse of process.   There is no evidence that any such enrichment would be unjust.

> " 'One is unjustly enriched if his retention of a benefit would be unjust.' " Welch v. Montgomery Eye Physicians, P.C., 891 So.2d 837, 843 (Ala. 2004) (quoting Jordan v. Mitchell, 705 So.2d 453, 458 (Ala.Civ.App.1997)). The retention of a benefit is unjust if

5

> " '(1) the donor of the benefit ... acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit ... engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship. In the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been unjustly enriched.' "
>
> Welch, 891 So.2d at 843 (quoting Jordan, 705 So.2d at 458).

Mantiply v. Mantiply, 951 So.2d 638, 654–55 (Ala. 2006).  In this case, there has been no mistake of fact or misreliance shown and there is no evidence that Whitney Bank engaged in fraud, coercion or abuse of a confidential relationship.

Defendant has failed to produce any evidence to support his claim.  This court has already found that the foreclosure sale was proper and a subsequent sale of the property, even if for a small profit, does not indicate a misuse of process or show that Whitney Bank was unjustly enriched.  "In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v.Int'l Union of Operating Eng'rs., Local, 675, 794 F.2d 641, 643 (11 Cir. 1986)).  Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).  Accordingly, the court's review is limited to the evidence before it and the arguments expressly articulated by the parties.

Since defendant has produced no evidence to support his claim, the court finds summary judgment should be granted in favor of Whitney Bank.

CONCLUSION

For the reasons stated above, the motion of plaintiff, Whitney Bank, for summary judgment on defendant's counter-claims (Doc. 56) is GRANTED. Whitney Bank is **ORDERED** to file a **proposed final judgment** consistent with the court's summary judgment orders on or before **January 31, 2013**.

**DONE and ORDERED** this 17th day of January, 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE